Cyril C. YOUNG, Jr., Jane Manning, Joel Berger, Sandy Berger, Stephen Null, Murray Lichtman and Sylvia Lichtman, and all other persons similarly situated as United States citizens who are viewers of motion pictures distributed in the United States by defendant MCA, Inc., Petitioners–Appellants,

v.

MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., Matsushita Holding Corp., Matsushita Acquisition Corp., and MCA, Inc., Respondents–Appellees.

No. 813, Docket 91–7158.

United States Court of Appeals, Second Circuit.

Submitted Oct. 15, 1991.

Decided Dec. 12, 1991.

**510**

Dennis Grossman, Eileen King, Grossman & King, New York City, of counsel, for petitioners-appellants.

Simpson, Thacher & Bartlett, New York City, for respondents-appellees.

Before WINTER, ALTIMARI and MAHONEY, Circuit Judges.

PER CURIAM:

This appeal was decided on the merits on July 29, 1991. A petition for Rehearing directed to the panel was denied on August 29, 1991. Meanwhile, appellees sought costs for, *inter alia*, the typeset/printing of briefs. Appellants moved to disallow or reduce these costs. The ground for their motion was that such costs may not lawfully exceed the costs of typewritten briefs, which are concededly more economical. *Furman v. Cirrito*, 782 F.2d 353, 356 (2d Cir.1986), held otherwise, however, and the motion was denied on October 1, 1991. On October 15, appellants submitted papers labeled "Petition for Rehearing with Suggestion For Rehearing En Banc" ("Petition"). These papers ask the panel and the active members of the court *en banc* to reconsider our denial of the motion to disallow or reduce taxable costs. In the alternative, they ask that we publish an opinion on the merits of their motion.

■ This Petition for Rehearing is the second one filed by appellants. Because of a question as to whether multiple petitions for rehearing may be filed pursuant to Fed.R.App.P. 40(a), the Petition was referred by the clerk to the presiding judge of the panel for a ruling as to whether it

was authorized by Fed.R.App.P. 40(a). The presiding judge determined that such a petition may not be filed as of right under Rule 40(a). That Rule authorizes petitions for rehearing to be filed within fourteen days after "entry of the judgment." However, Rule 39(d) provides that bills of costs must be filed within precisely the same time period. It is thus evident that motions to disallow costs will almost always be filed well after the expiration of the date for a timely Rule 40(a) petition for rehearing. Moreover, while Rule 41(a) states that a petition for rehearing under Rule 40(a) stays the issuance of the mandate, Rule 39(d) expressly states that the mandate shall not be delayed for the taxation of costs. The presiding judge thus concluded that the right to file a petition for rehearing under Rule 40(a) is limited to petitions regarding the disposition of the appeal, not the disposition of post-judgment motions relating to costs. The Petition in the instant matter thus may not be filed as a matter of right.

■ However, the presiding judge also determined that he was authorized to treat such a Petition as a motion for reconsideration and had the discretion to circulate (or not to circulate) the Petition among the panel. He exercised that discretion in favor of circulation. The panel agrees that petitions for rehearing regarding the taxation of costs may not be filed as a matter of right. It also agrees that circulation of such a petition among the panel is left to the discretion of the presiding judge.

■ On the merits, the panel concludes that the motion for reconsideration is without merit. Appellants urge us to hold that taxable costs for the reproduction of briefs may not exceed the cost of photocopying typewritten briefs. However, the court has considered, but declined to adopt, a local rule that would encourage typewritten over typeset/printed briefs. Moreover, as noted, *Furman* expressly held that costs of typeset/printed briefs were taxable. 782 F.2d at 356. Appellants argue that *Furman* has been overruled by a 1986 amendment to Rule 39(c). That amend-

ment states that local rules should "encourage the use of economical methods of printing or copying." We do not agree that *Furman* and the amendment are inconsistent. The amendment states only that economical methods of the genre of reproduction be employed—typeset/printing or the copying of typewritten briefs. We have, therefore, no reason to depart from *Furman*.

Appellants also urge upon us the inequity of awarding costs to large corporations who have prevailed over individual plaintiffs. Even if we had the discretion to disallow costs solely on the basis of relative wealth, this is not a case in which that discretion could be appropriately exercised. Appellants' underlying action not only has no support in existing law but is also based on a legal theory that may most charitably be called fanciful.

The petition for reconsideration is denied except to the extent it requested a published opinion. The panel has determined in its discretion to allow the Petition to be circulated among the active judges in the customary manner employed with suggestions for rehearing en banc.